UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                      :

UNITED STATES OF AMERICA,         :
                                        :

           - against -            :
                                         :                         21-CR-490 (VSB)
                                         :

JOSEPH ZAPATERO,                :                         **OPINION & ORDER**
                                         :

                     Defendant.   :
                                         :
--------------------------------------------------------X

Appearances:

Lisa Daniels
U.S. Attorney's Office, Southern District of New York
New York, New York

Martin S. Cohen
Federal Defenders of New York,
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Before me is Joseph Zapatero's ("Zapatero") motion for early termination of supervised

release.  (Doc. 10.)  Because Zapatero has already completed his term of supervised release, the

motion is DENIED as moot.

## I.     **Background and Procedural History**

On September 26, 2011, Zapatero was sentenced in the District of Vermont for

Conspiracy to Distribute More Than 280 Grams of Cocaine Base, in Violation of 21 USC 846,

841 (b)(1)(A).  (Docs. 2–3.)  On January 27, 2021, Zapatero was released from prison and he

commenced his 5-year supervision term.  (Doc. 10 ("Motion" or "Mot.") at 2.)[1]  On March 6,

---

[1] Federal Bureau of Prisons' Inmate Locator confirms Zapatero's release, stating that Zapatero is "not in BOP custody as of 01/27/2021."  Federal Bureau of Prisons, *Find an Inmate*, Search of Joseph Zapatero,

2024, Zapatero filed a second motion for early termination of his supervised release.  (*Id.*)  At the time that Zapatero filed the Motion, he served over three years of his supervised release and he requested that I terminate his supervised release.  (*Id.* at 2.)  On August 9, 2024, the Government filed their opposition to the Motion.  (Doc. 12.)  There has been no further activity on the docket since.  Over five years have passed since Zapatero was released in January 2021 and no further term of supervised release was imposed.

On April 8, 2026, I issued an Order outlining this procedural history and directing the parties to submit letters by April 22, 2026, informing me whether the pending Motion is now moot because Zapatero is no longer subject to supervised release.  (Doc. 13.)  On April 9, 2026, Zapatero's counsel filed a letter motion to confirm that Zapatero "completed his term of supervised release and thus his motion for early termination (Dkt. No. 10) is now moot."  (Doc. 14.)  Moreover, Zapatero's counsel confirmed that "Zapatero's term of supervision expired on January 27, 2026."  (*Id.*)  Accordingly, "the parties respectfully request that [I] dismiss the motion for early termination (Dkt. No. 10) as it is now moot."  (*Id.*)

II.     **Applicable Law**

"In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision."  *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (internal quotation marks omitted).  A case becomes moot when "the relief sought can no longer be given or is no longer needed."  *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).  Once a case becomes moot, a federal court no longer has subject-matter jurisdiction over the action, *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994), and the court "must dismiss the case," *Blackburn*, 461

https://www.bop.gov/inmateloc/ (last visited Apr. 10, 2026).

2

F.3d at 261 (internal quotation marks omitted).

**III.   <u>Application</u>**

Zapatero is no longer on supervised release.  Thus, Zapatero has received all of the relief that he seeks in his Motion and his Motion is now moot.  *See Calle v. United States*, No. 05-CV-6094, 2008 WL 3852173, at *1 (E.D.N.Y. Aug. 14, 2008) ("Petitioner filed a second habeas petition pursuant to 28 U.S.C. § 2255 on December 22, 2005 seeking to terminate his supervised release.  This court denied that Petition on January 11, 2008 because . . . Petitioner's supervised release terminated on February 21, 2006 rendering the petition moot."); *see also Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (dismissing a petitioner's habeas challenge to the conditions of his confinement as moot because he was no longer imprisoned in that facility); *Baez v. Tellez*, No. 21-CV-04760, 2023 WL 2020962, at *2 (E.D.N.Y. Feb. 15, 2023) (dismissing habeas petition because petitioner was released and therefore "already received the relief he requested").  Accordingly, the Motion is DENIED as moot.

**IV.   <u>Conclusion</u>**

The Motion is hereby DENIED as moot.  The Clerk of Court is respectfully directed to terminate the motions pending at Doc. 10 and Doc. 14 and close this case.

SO ORDERED.

Dated: April 10, 2026
      New York, New York

Vernon S. Broderick
United States District Judge

3